UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE:  DANIEL HAYES, | : | Chapter 13 |
| Debtor. | : | Bky. No. 03-31324 ELF |
| DANIEL HAYES, | : | |
| Plaintiff, | : | |
| v. | : | Adv. No. 07-00381 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF OCWEN REAL ESTATE ASSET LIQUIDATING TRUST 2007-1, ASSET-BACKED NOTES, SERIES 2007-1, | : | |
| Defendant. | : | |

# O R D E R

**The Main Bankruptcy Case**

  **AND NOW**, the plaintiff-debtor, Daniel Hayes ("the Debtor"), having commenced the above chapter 13 bankruptcy case on July 31, 2003,

  **AND**, the defendant, Deutsche Bank National Trust Company ("the Defendant"), being the current holder of a claim secured by a mortgage ("the Secured Claim") against the Debtor's residential real property ("the Property"),

  **AND**, the Defendant having become the holder the Secured Claim by virtue of an assignment of the mortgage to it by the prior holder, JP Morgan Case Bank, N.A. ("JP Morgan"),

-1-

**AND**, the Debtor having filed a chapter 13 plan on August 15, 2003 that provided, <u>inter alia</u>, for a portion of the Debtor's chapter 13 plan payments to be distributed to the holder of the Secured Claim to cure the prepetition arrears under the mortgage, <u>see</u> 11 U.S.C. §1322(b)(5),

**AND**, the Debtor being obliged to maintain mortgage payments that fall due each month during the pendency of the Debtor's plan because the plan treats the Secured Claim in the manner provided in §1322(b)(5),

**AND**, the Debtor's chapter 13 plan having been confirmed by Order of this court dated January 13, 2004,

## This Adversary Proceeding

**AND**, the Debtor having commenced the above-captioned adversary proceeding ("the AP") by filing a Complaint against JP Morgan on November 6, 2007,

**AND**, the Debtor having filed an Amended Complaint, by consent, against the Defendant on December 13, 2007, upon receipt of information that the Defendant, and not JP Morgan, was the current holder of the mortgage on the Property provided for by the confirmed plan,

**AND**, in the AP, the Debtor asserting a single claim against the Defendant under the Truth in Lending Act, 15 U.S.C. §1601, <u>et seq.</u> ("TILA") styled "Plaintiff's Cause of Action – TILA Recoupment Damages" ("the TILA Recoupment Claim") based on the original mortgagee's alleged failure to comply with TILA in connection with a consumer credit transaction that was consummated on June 30, 1998,

**AND**, in the TILA Recoupment Claim, the Debtor asserting that the Defendant is liable "in recoupment" for statutory damages of $2,000.00, statutory damages in the amount of all

finance charges in the underlying mortgage transaction, as well as attorneys' fees and costs, due to an alleged TILA violation by the original mortgagee in connection with the consummation of the mortgage transaction on June 30, 1998,

**The Defendant's Motion to Dismiss**

**AND**, the Defendant having filed a Motion to Dismiss the AP ("the Motion") that treated the Amended Complaint as having raised three (3) claims: (1) statutory damages of $2,000 for the alleged non-disclosure, (2) recoupment damages, and (3) attorney fees and costs,

**AND**, the court concluding that the Complaint states one (1) claim, not three (3) claims as conceptualized by the Defendant,

**The Statute of Limitations and Recoupment Under 15 U.S.C. §1640(e)**

**AND**, the Defendant asserting that the Debtor's TILA claim is barred by the time limitation set forth in 11 U.S.C. §1640(e), except to the extent that it asserts a recoupment claim cognizable under §1640(e),[1]

**AND**, the Debtor acknowledging that this TILA action was filed after the expiration of the TILA one-year statute of limitations, see 15 U.S.C. §1640(e),

**AND**, whereas "the one-year [TILA limitations] period for damages claims does not bar a

---

[1] The Defendant argues, in the alternative, that the Complaint should be dismissed because: (1) the Defendant is an assignee of the original mortgagee and is therefore, not a "creditor" as defined in TILA, 15 U.S.C. §1602(f); (2) only a creditor is subject to liability under TILA, id. §1640(a) and (3) the Defendant has no "assignee liability" under TILA, 15 U.S.C. §1641(a), because any TILA disclosure violations are not apparent from the face of the TILA disclosure statement.  I do not reach this issue.

person from asserting a TILA . . . violation 'in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or setoff in such action, except as otherwise provided by State law.'" Christopher v. First Mut. Corp., 2007 WL 2972561, at *3 (E.D. Pa. Oct. 10, 2007) (quoting 15 U.S.C. §1640(e)),

**AND**, the doctrine of recoupment permitting the assessment of the TILA Damages against claims filed in bankruptcy cases, see, e.g., In re Stuart, 367 B.R. 541, 553 n.17 (Bankr. E.D. Pa. 2007); In re Roberson, 262 B.R. 312, 322 (Bankr. E.D. Pa. 2001); In re Crisomia, 2002 WL 31202722, at *4 (Bankr. E.D. Pa. Sept. 13, 2002),

**AND**, at the time the AP was commenced, the Trustee having already completed distribution of the chapter 13 plan payments to the Defendant and the Defendant's assignor/predecessor on account of the Secured Claim for prepetition arrears,

**AND**, as a result of the distribution by the Trustee, the Secured Claim for prepetition arrears having been paid in full,

**AND**, full payment of the Secured Claim for prepetition arrears making it impossible for the TILA Damages "recouped" against the Secured Claim for arrears, (i.e., against a demand for payment by the Defendant in this bankruptcy proceeding),

**AND**, the Debtor asserting that, if the TILA claim is meritorious, he has the right to recoup the TILA civil penalty against the Debtor's obligation to "maintain" his monthly mortgage payments pursuant to §1322(b)(5) and the terms of his confirmed chapter 13 plan, see generally In re Perez, 339 B.R. 385, 390 n.4 (Bankr. S.D. Tex. 2006) (plan payments include "any payment made pursuant to the provisions of a Chapter 13 plan, regardless of whether such

payment is made through the trustee or by a debtor directly to a creditor"),

**AND**, the Defendant asserting, and the Debtor not disputing, that during the pendency of the plan, the Debtor has not paid all of the postpetition monthly instalments falling due under the subject mortgage, 11 U.S.C. §1322(b)(5) and the confirmed chapter 13 plan,

**AND**, this court concluding that the duty to maintain payments in a chapter 13 bankruptcy case under §1322(b)(5) does not constitute a legal proceeding instituted by the Defendant for collection of a debt in which the defensive doctrine of recoupment may apply under 15 U.S.C. §1640(e),[2]

**AND**, in the absence of an unpaid proof of claim or other affirmative demand for payment made by the Defendant in a legal proceeding, the court concluding that the Plaintiff's Complaint seeks affirmative relief, not recoupment, and is barred under 15 U.S.C. §1640(e),

---

[2]   Consider the following hypothetical: Outside the bankruptcy context, a borrower becomes delinquent on his mortgage. The lender takes no action to collect the debt or otherwise commence the foreclosure process. The borrower then files an action for TILA Damages and asks the court to permit recoupment against the existing delinquency. In my view, it is impossible to characterize that legal proceeding initiated by the borrower as one in which the lender is attempting to collect a debt and the borrower is asserting TILA defensively to reduce the amount of the lender's affirmative claim. See generally In re Harvey, 2003 WL 21460063, at *7 (Bankr. E.D. Pa. June 9, 2003) (recoupment "lessens or defeats recovery by the plaintiff") (quoting Algrant v. Evergreen Valley Nurseries, L.P., 126 F.3d 178, 184 (3d Cir. 1997)).

I consider this bankruptcy case to be in an analogous posture. The Defendant has made no effort to enforce the Debtor's obligation maintain the postpetition payments as required under the mortgage, §1322(b)(5) and the plan. Unless and until the Defendant asserts its rights in a legal proceeding, the Debtor may not invoke his asserted TILA Damages claim by way of recoupment. See Nix v. Option One Mortg. Corp., 2006 WL 166451, at *8 (D.N.J. Jan. 19, 2006) (doctrine of recoupment under 15 U.S.C. §1640(e) does not apply where creditor sent plaintiff notice of intent to foreclose but had not initiated legal proceedings); see also Rocco v. J.P. Morgan Chase Bank, 255 Fed. Appx. 638, 642 (3d Cir. Nov. 28, 2007) (motion for relief from the automatic stay is not an action to collect a debt in which the doctrine of recoupment applies); Christopher, 2007 WL 2972561, at *3 (doctrine of recoupment under 15 U.S.C. §1640(e) does not apply where TILA complaint does not allege that creditor has filed an action against plaintiff to collect the debt).

It is hereby **ORDERED** that:

1. The Motion is **GRANTED**.

2. The Complaint is **DISMISSED**.  See 15 U.S.C. §1640(e).

3. The Clerk shall **CLOSE** this adversary proceeding.

Date:   September 29, 2008

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**